**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
  E-Mail: John.Barber@lewisbrisbois.com
JOHN HAUBRICH, JR., SB# 228341
  E-Mail: John.Haubrich@lewisbrisbois.com
MOJAN ANARI, SB# 298865
  E-Mail: Mojan.Anari@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800; Facsimile: 213.250.7900

Attorneys for Defendant
CLUB ASSIST U.S. LLC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STEVE BROSHOUS, an individual, | CASE NO. |
| Plaintiff, | **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| vs. | |
| CLUB ASSIST U.S. LLC, a Delaware limited liability company, and DOES 1 THROUGH 10, inclusive | Action Filed (State): August 22, 2019<br>Trial Date:      None Set |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant CLUB ASSIST U.S. LLC. ("Defendant"), by and through its counsel, hereby removes to this Court the civil action filed in the Superior Court of the State of California for the County of Los Angeles, titled *Steve Broshous v. Club Assist U.S. LLC. a Delaware limited liability company,* Case No. 19STCV30041, on the basis of diversity of citizenship pursuant

///

///

///

///

///

4823-6694-8009.1

1

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

to 28 U.S.C. sections 1332(a) and 1441(a)(b).

DATED: October 9, 2019          LEWIS BRISBOIS BISGAARD & SMITH LLP


                                By:     /s/ Mojan Anari
                                        John L. Barber
                                        John Haubrich, Jr.
                                        Mojan Anari
                                        Attorneys for Defendant
                                        CLUB ASSIST U.S. LLC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# TABLE OF CONTENTS

**Page**

I.   JURISDICTION AND VENUE..........................................................................1

II.  STATE COURT ACTION ...............................................................................1

III. REMOVAL IS PROPER BASED UPON DIVERSITY OF CITIZENSHIP ...............................................................................................2

    A.   Plaintiff and Defendant Are Not Citizens of the Same State..................2

    B.   The Amount in Controversy Exceeds $75,000 ......................................4

    C.   28 U.S.C. Section 1446 Requirements....................................................9

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-6694-8009.1

i

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

## TABLE OF AUTHORITIES

### Federal Court Cases

*Brady v. Mercedes-Benz USA, Inc.*
    (N.D. Cal. 2002) 243 F. Supp. 2d 1004 ........................................................7

*Celestino v. Renal Advantage, Inc.*
    (N.D. Cal. 2007) 2007 U.S. Dist. LEXIS 33827..............................................7

*Dart Cherokee Basin Operating Co., LLC v. Owens*
    (2014) 135 S. Ct. 547 .....................................................................................2

*EEOC v. Albion River Inn Inc.*
    (N.D. Cal., Feb. 27, 2008) 2008 WL 928368...................................................7

*Gibson v. Chrysler Corp.*
    (9th Cir. 2001) 261 F.3d 927 .........................................................................6

*Kapanoske v. Wells Fargo Bank, N.A.*
    (C.D. Cal. September 9, 2016) 2016 U.S. Dist. LEXIS 122574.....................3

*Lewis v. Verizon Communications, Inc.*
    (9th Cir. 2010) 627 F.3d 395 .........................................................................4

*Richmond v. Allstate Ins. Co.*
    (S.D. Cal. 1995) 897 F. Supp. 447 .................................................................6

*Sanchez v. Monumental Life Ins. Co.*
    (9th Cir. 1996) 102 F.3d 398..........................................................................4

*Simmons v. PCR Tech.*
    (N.D. Cal. 2002) 209 F. Supp. 2d 1029 .......................................................5,7

*Vasquez v. Arvato Digital Servs., LLC*
    (C.D. Cal. June 27, 2011) 2011 U.S. Dist. LEXIS 69154 ..................5, 6, 7, 8

*Waddell v. Six Continents Hotels, Inc.*
    (C.D. Cal. Jan. 5, 2016) 2016 U.S. Dist. LEXIS 1318 ...................................4

### State Court Cases

*Flannery v. Prentice*
    (2001) 26 Ca1.4th 572.....................................................................................7

### Federal Statutory Authorities

28 U.S.C. 84(c)(3) ...............................................................................................1, 9

28 U.S.C. 1332(a) ............................................................................................ 2, 4, 5, 9

28 U.S.C. 1332(a)(1) ...............................................................................................4

28 U.S.C. 1441(a) .................................................................................................2, 4

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

28 U.S.C. 1446 ..................................................................................................................... 9

28 U.S.C. 1446(a) ............................................................................................................... 2, 9

28 U.S.C. 1446(b) ............................................................................................................... 2, 9

28 U.S.C. 1446(b)(2) ............................................................................................................... 9

28 U.S.C. 1446(c)(2) ............................................................................................................... 9

28 U.S.C. 1446(d) ................................................................................................................... 9

## State Statutory Authorities

Gov. Code, § 12940 ................................................................................................................ 7

Gov. Code, § 12965(b) ........................................................................................................ 6, 7

Lab. Code, § 1102.5 ................................................................................................................ 1

Lab. Code, § 1198.5 ................................................................................................................ 1

Lab. Code, §§ 2802 ................................................................................................................. 1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-6694-8009.1

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

## I. JURISDICTION AND VENUE

1. Removal of this action is proper under 28 U.S.C. sections 1332(a) and 1441(a) because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. (28 U.S.C. §§ 1332, 1441(a), 1446(b).)

2. Removal to this Court is proper. Plaintiff's Complaint was filed in the Superior Court of the State of California in the County of Los Angeles. This Court is part of the division within which such action is pending. (28 U.S.C. §§ 84(c)(3) and 1446(a).)

## II. STATE COURT ACTION

3. On August 22, 2019, Plaintiff Steve Broshous ("Plaintiff") filed a Complaint against Defendant Club Assist U.S. LLC. ("Defendant" or "Club Assist") in the Superior Court of the State of California for the County of Los Angeles. (Declaration of Mojan Anari ("Anari Decl.") ¶ 2, Exhibit ("Exh.") A, Complaint.)

4. Plaintiff's Summons, Complaint, and Notice of Assignment were served on Defendant in Sacramento, California via personal service, by process server, on September 9, 2019. (*Id*., ¶ 3, Exh. B, Proof of Service.)

5. Plaintiff's Complaint arises out of his former employment with Defendant Club Assist and he asserts the following claims for relief: (1) race discrimination in violation of FEHA; (2) race harassment, hostile work environment in violation of FEHA; (3) retaliation in violation of FEHA; (4) failure to prevent discrimination, harassment, and retaliation in violation of FEHA; (5) unlawful retaliation in violation of California Labor Code § 1102.5; (6) wrongful termination in violation of public policy; (7) failure to reimburse business expenses in violation of California Labor Code §§ 2802, 2804 *et seq*.; and (8) failure to provide personnel file in violation of California Labor Code § 1198.5. Plaintiff seeks specified damages for substantial losses in earnings and other employment benefits greater than $80,000 dollars, in addition to unspecified compensatory damages, non-

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-6694-8009.1

1

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

economic damages for pain, suffering, and emotional distress, unpaid business expenses, punitive damages, declaratory relief, and attorney costs and fees, interest. (*Id.*, ¶ 4, Exh. A.)

9. Defendant filed an Answer to Plaintiff's Complaint in state court on October 8, 2019. (*Id.* ¶ 5, Exh. C, Answer.)

10. When a plaintiff files suit in state court but could have invoked the original jurisdiction of the federal courts, the defendant may remove the action to federal court. (28 U.S.C. § 1441(a).)

11. On or about September 11, 2019, the state court set a Case Management Conference for hearing on January 9, 2020, and served notice upon Plaintiff. No proceedings or other filings have occurred in this matter in the Superior Court of Los Angeles County, State of California. (Anari Decl., ¶ 6. Exh. D, Notice of Case Management Conference).

## III. REMOVAL IS PROPER BASED UPON DIVERSITY OF CITIZENSHIP

### A. Plaintiff and Defendant Are Not Citizens of the Same State

12. The U.S. Supreme Court recently affirmed that a defendant needs only to plausibly allege the requirements for federal jurisdiction to remove. That is, a defendant only needs to file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal"; no evidentiary submissions need to be submitted. (*Dart Cherokee Basin Operating Co., LLC v. Owens* (2014) 135 S. Ct. 547, 551, citing 28 U.S.C. § 1446(a)).

13. Both at the time this action was filed and at the time of removal, Plaintiff was, and still is, a citizen of the State of Texas. Plaintiff alleges that he "is a former employee of Defendants and a resident of the County of Kaufman, State of Texas." (Anari Decl., Exh. A, Complaint, ¶ 2.) On information and belief, Defendant believes Plaintiff is a domiciled citizen of the state of Texas.

///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

14.     Both at the time this action was filed and at the time of removal, Defendant Club Assist was not a citizen of the State of California; rather, Defendant Club Assist was, and still is, a citizen of the State of Delaware.  Club Assist is a Delaware limited liability company.  (*Kapanoske v. Wells Fargo Bank, N.A.* (C.D. Cal. September 9, 2016) 2016 U.S. Dist. LEXIS 122574, *9 [to determine an LLC's citizenship, the court looks at the citizenship of each of its members or partners].) Both at the time this action was filed and at the time of removal, Club Assist's sole member Club Assist North America, Inc. is and was a resident and citizen of State of Delaware.  (Declaration of Maria Randall ("Randall Decl.") ¶¶ 3, 4.)

15.     Both at the time this action was filed and at the time of removal, Club Assist has been a limited liability company registered in the State of Delaware. Club Assist is registered as a foreign entity in Lake Mary, Florida and in the State of California.  Both at the time this action was filed and at the time of removal, Club Assist's principal place of business and corporate headquarters have been and are located in Lake Mary, Florida.  Club Assist's high-level corporate officers are located at its headquarters in Lake Mary, Florida.  Accordingly, all of Club Assist's primary, executive, administrative, financial, policymaking, and management functions are performed in the State of Florida.  (Randall Decl. ¶ 3; see also, Request for Judicial Notice ["RJN"], ¶ 1, Exh. E, Delaware Secretary of State Certificate of Organization, dated May 7, 2002.)

16.     Club Assist's sole member is Club Assist North America, Inc.  Both at the time this action was filed and at the time of removal, Club Assist North America, Inc. has been incorporated under the laws of the State of Delaware.  At all relevant times, Club Assist North America, Inc.'s principal place of business and corporate headquarters have been located in Lake Mary, Florida.  Club Assist North America, Inc.'s high-level corporate officers are located at its headquarters in Lake Mary, Florida.  Accordingly, all of Club Assist North America, Inc.'s primary, executive, administrative, financial, policymaking, and management functions are

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-6694-8009.1                                    3
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

performed in the State of Florida. (Randall Decl. ¶ 4; see also, RJN ¶ 2, Exh. F Delaware Secretary of State Certificate of Incorporation, dated April 20, 2016.)

17. Because Plaintiff (a resident of Texas) and Defendant Club Assist (resident of Delaware and Florida) are neither citizens nor residents of the same state, complete diversity exists between all current parties and removal of this action is proper.[1] (28 U.S.C. § 1332(a)(1).)

**B. The Amount in Controversy Exceeds $75,000**

18. Plaintiff alleges in his Complaint that he "has suffered and continues to sustain substantial losses in earnings and other employment benefits **greater than eighty thousand dollars** . . ." (Anari Decl., Exh. A, Complaint, ¶ 59) (Emphasis added). Therefore, based on Plaintiff's own concession, the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

19. Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claim exceeds $75,000. (*Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F.3d 398, 403-404.) The amount in controversy is determined by evaluating the plaintiff's complaint and the record as a whole. (*Lewis v. Verizon Communications, Inc.* (9th Cir. 2010) 627 F.3d 395, 400.)

20. In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages, punitive damages and attorneys' fees. (*Vasquez v. Arvato Digital Servs., LLC* (C.D. Cal. June 27, 2011) 2011 U.S. Dist. LEXIS 69154 at **6-11 [holding that, in a discrimination employment case, "the evidence Defendant presented regarding Plaintiff's claims for attorneys' fees, punitive and emotional distress damages, and

---

[1] Plaintiff's Complaint also names DOES 1 through 10, inclusive, as defendants in this Action. Pursuant to 28 U.S.C. section 1441(a), the citizenship of fictitiously named defendants is to be disregarded for the purpose of determining removal pursuant to this Court's diversity jurisdiction.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-6694-8009.1

4

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

the lost wages calculation, satisfy its burden of proving, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds $75,000."]; *Waddell v. Six Continents Hotels, Inc*. (C.D. Cal. Jan. 5, 2016) 2016 U.S. Dist. LEXIS 1318, **5-10 [same]; *Simmons v. PCR Tech*. (N.D. Cal. 2002) 209 F. Supp. 2d 1029, 1031-1035 [same].)

21. Defendant denies all of Plaintiff's allegations and specifically denies that Plaintiff is entitled to any relief. But without prejudice to its defenses in this action, Defendant avers that the amount in controversy exceeds the $75,000 threshold for removal under 28 U.S.C. section 1332(a). Plaintiff himself quantified his damages in his cause of action for failure to prevent discrimination, harassment and retaliation alone to be greater than $80,000. Additionally, Plaintiff claims he "has suffered and continues to sustain substantial losses in earnings and other employment benefits," and prays for judgment for such damages. (Anari Decl., Exh. A, Complaint, ¶¶ 43 51, 69, 75, and Prayer for Relief).

22. Plaintiff earned $70,000 per year, or approximately $5,800 per month during his employment with Club Assist. (Randall Decl., ¶ 5.) Plaintiff allegedly was terminated in August 23, 2018. (Anari Decl., Exh. A, Complaint, ¶ 8.) Accordingly, from the time of his termination in August 2018 to the filing of this Notice of Removal on October 9, 2019, Plaintiff's alleged lost wages alone approximately exceed the jurisdictional amount for this Court: $80,000 (approx. 14 months x $5,800 = $81,666). If, on a conservative approach, this case were to settle six months from the Notice of Removal Date[2], or April 9, 2020, Plaintiff's lost wages would total approximately $116,000 (20 months x $5,800 = $116,000).

23. In addition to lost wages and benefits, Plaintiff alleges that he "has

---

[2] The parties have not conducted any discovery as of date. (Anari Decl., ¶ 7.) In fact, given Plaintiff's allegations in the Complaint involving wrongdoing by Club Assist Defendant's current position regarding this case, it is reasonably anticipated that Defendant will engage in substantial discovery. (Anari Decl., ¶ 8.)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

suffered emotional distress and other general damages," and prays for judgment for such damages (Anari Decl., Exh. A, Complaint, ¶¶ 44, 52, 60, 70, 76, and Prayer for Relief). While Plaintiff does not state a specific dollar amount of damages he seeks for pain, suffering, and emotional distress, the Honorable Court can properly include these damages sought when determining whether the amount in controversy has been met. (*Vasquez, supra,* 2011 U.S. Dist. LEXIS 69154 at *10, citing *Richmond v. Allstate Ins. Co.* (S.D. Cal. 1995) 897 F. Supp. 447, 450.). In fact, this Honorable Court has allowed jury verdicts to be used to show that the jurisdictional amount vis-à-vis emotional distress damages. (*Vasquez, supra*, 2011 U.S. Dist. LEXIS 69154 at **10-11.)

24. Plaintiff also requests an unspecified amount in punitive damages. (Anari Decl., Exh. A, Complaint, ¶¶ 37, 46, 62, 71, 78, and Prayer for Relief.) In addition to compensatory damages, Plaintiff's claims for punitive damages are part of the amount in controversy when determining diversity jurisdiction. (*Gibson v. Chrysler Corp.* (9th Cir. 2001) 261 F.3d 927, 945; see also, *Vasquez, supra*, 2011 U.S. Dist. LEXIS 69154 at **9-10; *Waddell, supra*, 2016 U.S. Dist. LEXIS 1318 at **7-8.)

25. Plaintiff also claims that he "incurred necessary expenditures . . . for which Plaintiff has not been reimbursed including, but not limited to, various travel expenses." (Anari Decl., Exh. A, Complaint, ¶ 83). Plaintiff alleges that he "suffered, and continues to suffer, substantial losses related to the use and enjoyment of such money, lost interest on such money, and attorneys' fees, expenses, and costs of suit." (Anari Decl., Exh. A, Complaint, ¶ 85).

26. Finally, Plaintiff alleges that he has "incurred and continues to incur attorneys' fees and legal expenses" and seeks to recover attorney's fees and legal expenses. (Anari Decl., Exh. A, Complaint, ¶¶ 38, 45, 47, 53, 55, 61, 72, 77, 79, 85, 86, 91, and Prayer for Relief.) Under California Government Code section 12965(b), attorney's fees for cases brought under California's Fair Employment and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Housing Act are authorized.  As mentioned *supra*, this Honorable Court has held routinely that attorney's fees as part of the jurisdictional amount in discrimination employment cases.  (*Waddell, supra*, 2016 U.S. Dist. LEXIS 1318 at **8-10; *Vasquez, supra*, 2011 U.S. Dist. LEXIS 69154 at *9.)  Indeed, "[w]here the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy." (*Brady v. Mercedes-Benz USA, Inc*. (N.D. Cal. 2002) 243 F. Supp. 2d 1004, 1011; see also, *Celestino v. Renal Advantage, Inc*. (N.D. Cal. 2007) 2007 U.S. Dist. LEXIS 33827, *11 ["the amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal."].)  The amount of attorney's fees in employment cases alone can eclipse the $75,000 in controversy requirement for diversity jurisdiction. (*Simmons, supra,* 209 F. Supp. 2d at p. 1035 ["[M]aintaining a race discrimination claim will undoubtedly require substantial effort from counsel.  The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages."].)  Plaintiff alleges violations of California Government Code section 12940 and California law authorizes reasonable attorney's fees to a prevailing party in such actions.  (Cal. Gov. Code, § 12965(b).)  Moreover, this Honorable Court has held that a defendant may properly submit evidence of *future* attorney's fees that may reasonably be anticipated, not just what has already accrued.  (*Vasquez*, 2011 U.S. Dist. LEXIS 69154 *9, citing *Simmons, supra,* 209 F. Supp. 2d at 1035.)

27.    Plaintiff's attorney fees in the instant case are supported by evidence of prior employment discrimination litigation.  (See, e.g., *Flannery v. Prentice* (2001) 26 Ca1.4th 572, 576 [over $1,000,000 in attorneys' fees awarded in single plaintiff FEHA case]; *EEOC v. Albion River Inn Inc*. (N.D. Cal., Feb. 27, 2008) 2008 WL 928368    [awarding    $75,000    in    attorneys'    fees    in    single    plaintiff

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

discrimination/retaliation case].)   More poignantly, Plaintiff's attorney's fees' are very substantial even in settlements before trial.  (*See also* RJN ¶ 3 - 5, Exh. G - I , Lexis-Nexis Jury Verdict Reports in *Nicole Birden v. The Regents of the University of California; Daryl Woodruff v. Pacific Gas & Electric; Jimmy Saxton v. Hip Hop Beverage Corporation, et al.*)

28.    Here, Plaintiff alleges he was discriminated and harassed based on his race, and thereafter retaliated against and terminated when he complained about Defendant's deceptive business practices.  (Anari Decl., Exh. A, Complaint, ¶¶ 9-13, 40, and 67.)   No discovery has been conducted to date by any party.  (Anari Decl., ¶ 7.)  As well, it is reasonably anticipated, at the time of this removal that this case may very well proceed to trial or dispositive motion following completion of discovery, because Defendant vehemently denies all of Plaintiff's allegations that he was discriminated, harassed, or retaliated against or that it acted wrongfully against him in any way.  (Anari Decl., ¶ 8.)  Based on the foregoing, it is reasonably anticipated that Plaintiff's attorney's fees alone will exceed $75,000.  (See, e.g., *Waddell, supra*, 2016 U.S. Dist. LEXIS 1318 at **8-10.)

29.    Plaintiff has not made any settlement demand in this case.  (Anari Decl., ¶ 9.)   However, in September 2019, Plaintiff's counsel spoke with Defendant's prior counsel.  On this call, Plaintiff's counsel maintained the value of this case exceeds $75,000. (*Id*).

30.    In sum, the weight of all of these factors in favor of Defendant – Plaintiff's own concession in the Complaint that his substantial losses in earnings and other employment benefits are greater than $80,000, Plaintiff's lost wages, emotional distress damages, punitive damages, Plaintiff's attorney's fees, reimbursements, and a telephonic concession that the value of the case exceeds $75,000 – makes it abundantly clear that the $75,000 amount in controversy amount is satisfied by the preponderance of the evidence.

31.    Notwithstanding the above, given that Plaintiff seeks nonmonetary

relief in the form of injunctive relief (Anari Decl., Exh. A, Complaint, Prayer for Relief), in addition to the specific amount of damages – greater than $80,000 – that is demanded in the Complaint in this Action (Anari Decl., Exh. A, Complaint ¶ 59) (in addition to the request for the recovery of damages according to proof per California law), the preponderance of the evidence in the form of the foregoing allegations establishes that the amount in controversy in this Action exceeds the amount specified by 28 U.S.C. section 1332(a).  (See, 28 U.S.C. § 1446(c)(2).).

### C.   28 U.S.C. Section 1446 Requirements

32.   Defendant Club Assist is the only Defendant in this Action.  (28 U.S.C. § 1446(b)(2)(A); Anari Decl., ¶¶ 2-6.)

33.   Removal is Timely.  Defendant timely filed this Notice of Removal, within thirty days of service of Plaintiff's Complaint.   (28 U.S.C. § 1446(b); F.R.C.P., Rule 6(a).)  As Defendant was served with Plaintiff's Complaint on September 9, 2019, the deadline to file Defendant's Notice of Removal is October 9, 2019.  Thus, Defendant timely filed this Notice of Removal.

34.   Removal to this Court is proper.  Plaintiff's Complaint was filed in the Superior Court of the State of California in the County of Los Angeles.  This Court is part of the division within which such action is pending.   (28 U.S.C. §§ 84(c)(3) and 1446(a).)

35.   Pleadings and Process.  Other than the documents submitted concurrently with this Notice of Removal, no other pleadings, process, orders, or other papers in this case have been filed, served, or received by Defendant.  (Anari Decl., ¶ 6.)

36.   Notice to All Parties and the State Court.  Defendant is filing a copy of this Notice of Removal with the clerk of the state court and is serving a copy on all adverse parties (namely, Plaintiff).   (28 U.S.C. § 1446(d).).

///

///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**WHEREFORE**, Defendant files this Notice of Removal of this action from the aforesaid Superior Court, in which it is now pending, to the District Court of the United States, Central District of California, Western Division, located at 350 W 1st Street, Suite 4311, Los Angeles, California, 90012-4565, a copy of which will be served upon Plaintiff.

DATED: October 9, 2019                LEWIS BRISBOIS BISGAARD & SMITH LLP


By:      /s/ Mojan Anari
         John L. Barber
         John Haubrich, Jr.
         Mojan Anari
         Attorneys for Defendant
         CLUB ASSIST U.S. LLC.

4823-6694-8009.1

10

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW